IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**UNITED STATES OF AMERICA**

**v.**                                                    **CRIMINAL NO. 5:03-00257-04**

**FREDDIE ANTHONY TAYLOR**

<u>MEMORANDUM OPINION AND ORDER</u>
<u>ON APPEAL OF MISDEMEANOR CONVICTION</u>

On August 3, 2005, the defendant appeared in person and by counsel, Gary A. Collias, and the United States appeared by Assistant United States Attorney Hunter P. Smith, Jr., for the purpose of conducting oral argument on the parties' briefs submitted in connection with defendant's appeal in this matter. At the conclusion of the hearing, the court took defendant's appeal under advisement for further review.  Having now fully considered the issues raised by defendant on appeal, the court hereby **AFFIRMS** the magistrate judge.

## I.  Background

The defendant, having been charged by way of an information, pleaded guilty on April 27, 2004, to a single count of violation of 30 U.S.C. § 820(d), that is, willful violation of a mandatory safety standard.  That statute states in pertinent part that "[a]ny operator who willfully violates a mandatory health or safety standard . . . shall, upon conviction, be punished by a

fine of not more than $25,000.00, or by imprisonment for not more than one year, or by both . . . ."  Pursuant to the fine provisions of 18 U.S.C. § 3571, defendant may be fined not more than the greatest of the fine amount specified in the law setting forth the offense, or $100,000.00 for a Class A misdemeanor not resulting in death.  The fine provisions further provide that if defendant was convicted of a misdemeanor resulting in death, the fine maximum increases to $250,000.00.  It is evident from the record that defendant's plea agreement contemplated this potential exposure to a higher maximum fine.

On November 16, 2004, Magistrate Judge R. Clarke VanDervort sentenced defendant to a term of imprisonment of six months in addition to payment of a $25.00 mandatory special assessment and a fine of $50,000.00.  In sentencing the defendant, the magistrate judge accepted the opinion of the probation officer and the agreement of the parties that this case involves a misdemeanor for which no sufficiently analogous guideline exists, and accordingly treated the provisions of 18 U.S.C. § 3553 as controlling.  The magistrate judge further concluded, in concurrence with the probation officer's report, that the offense conduct of the defendant directly resulted in the death of an individual, therefore invoking the enhanced fine provisions of 18 U.S.C. § 3571(b)(4).  Further, the court declined to grant the defendant credit for acceptance of responsibility based, it

appears from the record, on the defendant's refusal to acknowledge responsibility for the death that occurred as a result of the roof collapse at issue.

## II. Analysis

Defendant raises three interrelated issues on appeal. First, he contends that the magistrate judge erred in finding that the enhanced fine penalty provided by 18 U.S.C. § 3571(b)(4) applies in this case.  Second, he asks this court to determine whether the magistrate judge erred in making a finding of fact that a fatality and injury resulted as a consequence of the defendant's offense conduct in this case.  Finally, defendant argues that the magistrate judge erred in sentencing the defendant to a $50,000.00 fine and a term of imprisonment of six months in almost sole reliance upon the court's finding that a fatality and injury were caused by the defendant's offense conduct.

The United States Supreme Court of Appeals in United States v. Booker, 125 S. Ct. 738 (2005), held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a guilty plea must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  Id. at 756.  The maximum sentence authorized by the facts established by defendant's guilty plea in this case is a term of imprisonment of no more than one year and

a fine of no more than $100,000.00.  Accordingly, with respect to both the term of imprisonment and the fine, the sentence defendant received was half of the maximum permissible sentence. Moreover, the court is required by 18 U.S.C. § 3553(a) to consider in imposing sentence the "nature and circumstances of the offense," which, in this case, would include the death of miner Gary Martin.

It is true that the magistrate judge's conclusions resulted in an increase to the maximum authorized fine without defendant having admitted the facts necessary to support that increase. However, defendant's substantial rights were not affected by that increase, as the $50,000.00 fine imposed was nevertheless well below the maximum fine authorized even without the enhanced fine provision.

Furthermore, this court is not prepared to upset the magistrate judge's determination that defendant should be denied credit for acceptance of responsibility.  "A defendant who enters a guilty plea is not entitled to an adjustment [for acceptance of responsibility] as a matter of right."  U.S.S.G. § 3E1.1, App. Note 3.  Additionally, because the sentencing judge is in "a unique position to evaluate a defendant's acceptance of responsibility," the sentencing judge's determination on that point "is entitled to great deference on review."  U.S.S.G. § 3E1.1, App. Note. 5.

### III. Conclusion

The sentence imposed by the magistrate judge is **AFFIRMED**, as it does not constitute a violation of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and, in fact, is in accordance with the requirements of 18 U.S.C. § 3553(a). Any increase in the maximum fine found applicable by the magistrate judge did not affect the defendant's substantial rights, because the fine actually imposed falls well below the maximum authorized prior to any enhancement. Finally, the magistrate judge's decision not to grant the defendant credit for acceptance of responsibility was within his discretion and will not be disturbed.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to the defendant.

It is **SO ORDERED** this 31st day of August, 2005.

ENTER:

David A. Faber
Chief Judge